J-A23005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT WILLIAMS | |
| Appellant | No. 547 WDA 2015 |

Appeal from the Judgment of Sentence October 27, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008206-2014

BEFORE:  LAZARUS, J., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 30, 2016**

Albert Williams appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, based upon his convictions for general impairment driving under the influence (DUI),[1] recklessly endangering another person (REAP),[2] and fleeing or attempting to elude police.[3]  We affirm in part, reverse in part, vacate the judgment of sentence, and remand for resentencing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 18 Pa.C.S. § 2705.

[3] 75 Pa.C.S. § 3733(a).

On April 23, 2014, at approximately 2:20 a.m., City of Pittsburgh Police Officer Lee Myers observed a Dodge Durango driven by Williams make a left turn through a red light. Officer Myers began to follow Williams, and while he was doing so, Williams crashed into a concrete barrier. Before Officer Myers could get to the site of the crash, Williams backed up the car and then began to drive the wrong way down the road, a one-way street. Officer Myers activated his lights and sirens and began to pursue Williams, who was traveling at over 25 miles per hour based on Office Myers' estimation. While Williams continued to travel in the wrong direction, he drove through several intersections with stop signs. Williams eventually crashed the car again, which disabled it, and then fled on foot before Officer Myers arrested him at gunpoint.

Officer Myers observed signs that Williams was intoxicated, including that he had glassy, bloodshot eyes, slurred speech, and the odor of alcohol emanated from his body and breath. He had difficulty standing and walking without swaying. Williams was taken to a nearby hospital, where City of Pittsburgh Police Officer Craig Sullivan observed that Williams appeared to be intoxicated, advised him of his rights, and requested his consent to test his blood alcohol content. Officer Sullivan asked for Williams' consent multiple times, but Williams did not consent to a blood draw. Williams was

charged with general impairment DUI with refusal to submit to chemical testing,[4] along with several summary offenses,[5] REAP, and fleeing the police.

Following a non-jury trial on October 27, 2014, the trial court convicted Williams of the aforementioned offenses and sentenced him to 18 months' probation for fleeing police and 6 months' probation for general impairment DUI, to be served concurrently. Williams filed a timely post-sentence motion, which the court denied on March 6, 2015. On April 2, 2015, Williams filed a timely notice of appeal, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Williams raises the following issues for our review:

1. Did the trial court err, and violate the prohibition on double jeopardy, by convicting Mr. Williams of three separate DUI offenses based upon a single instance of conduct, where two of those offenses were not separate crimes but, rather, merely sentencing factors?

---

[4] In total, Williams was charged with and convicted of three separate counts of general impairment DUI in this matter. Count 4 of the criminal information was a charge of general impairment DUI in which the actor refused chemical testing of blood alcohol content, in violation of 75 Pa.C.S. §§ 3802(a)(1), 3804(c). Count 5 was for general impairment DUI involving an accident resulting in bodily injury, serious bodily injury or death of another person or in damage to a vehicle or other property, in violation of 75 Pa.C.S. §§ 3802(a)(1), 3804(b). Count 6 was for general impairment DUI without additional sentencing factors. *See* Criminal Information, at 2.

[5] Williams was charged with and convicted of reckless driving, 75 Pa.C.S. § 3736, driving the wrong way on a one-way road, 75 Pa.C.S. § 3308(b), and failure to stop at a red signal, 75 Pa.C.S. § 3112(a)(3). Williams was not sentenced to an additional penalty for these summary offenses.

2. Was the evidence insufficient at Count 3, recklessly endangering another person, because the Commonwealth failed to prove, beyond a reasonable doubt, that Mr. Williams' conduct placed or may have placed Officer Myers in danger of death or serious bodily injury?

Brief for Appellant, at 5.

We begin by addressing Williams' second claim, that the evidence was insufficient to convict him of REAP. In considering sufficiency of the evidence claims,

we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. . . . Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. Of course, the evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part or none of the evidence presented.

*Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (en banc). The Commonwealth can satisfy its burden via wholly circumstantial evidence. *Id.*

Pennsylvania law specifies that a person is guilty of REAP if he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. The crime requires proof of a mens rea of recklessness and corresponding conduct that places another person in danger. *Commonwealth v. Trowbridge*, 395 A.2d 1337, 1340 (Pa. Super. 1978). Recklessness is the "conscious disregard of a substantial and unjustifiable risk." *Commonwealth v.*

*Wood*, 475 A.2d 834, 836 (Pa. Super. 1984). "Danger, and not merely the apprehension of danger, must be created." *Commonwealth v. Reynolds*, 835 A.2d 720, 728 (Pa. Super. 2003) (quoting *Trowbridge*, *supra* at 1340).

Williams claims that the Commonwealth did not present sufficient evidence that he possessed the requisite mens rea of recklessness or that Officer Myers was placed in danger of death or serious bodily injury. We disagree.

The evidence presented by the Commonwealth, and deemed to be credible by the trial court, sitting as fact-finder, showed that Williams' driving behavior caused a police chase to occur going the wrong way down a one-way street at speeds over 25 miles per hour. The recklessness exhibited by Williams and the danger Officer Myers encountered as a result were summarized by the trial court as follows:

> It was Williams' conscious decision to blow past several stop signs and travel the wrong way on a street that traverses a major intersection. [Officer] Myers described it best: "[y]ou go through an intersection the wrong way, it's very dangerous." Williams created a vortex of circumstances that placed Officer Myers in the danger zone of death or serious bodily injury.

Trial Court Opinion, 12/17/15, at 5 (citation omitted). On this basis, we agree with the trial court that the Commonwealth provided sufficient evidence of the elements of REAP. *Trowbridge*, *supra*.

In his remaining issue on appeal, Williams asserts that the trial court violated the prohibition against double jeopardy and erred by convicting him

of three separate DUI offenses based on one occurrence, where two of the offenses were not separate crimes but merely involved additional sentencing factors.

As we stated in **Commonwealth v. Mobley**, 14 A.3d 887 (Pa. Super. 2011),

> [t]he trial court convicted [the defendant] of two separate counts of DUI—general impairment arising out of the same incident, with one count alleging [the defendant] refused the breath/blood test.  . . .  Since refusal of a breath/blood test is not an element of the criminal offense that pertains to guilt, the court should not have convicted [the defendant] of the same criminal offense, DUI—general impairment, arising out of the identical criminal episode.  Instead, [the defendant] should have been convicted of one count of DUI—general impairment and been subject to the sentencing enhancement provided by statute relative to a blood or breath test refusal.

*Id.* at 891 (citations and footnotes omitted).  We went on to note that "[c]harging the identical criminal offense twice in the criminal information to indicate that one count is alleging that a breath test/blood test refusal transpired constitutes duplication of counts and creates possible double jeopardy implications if the individual is sentenced on each count."  *Id.* at 894 (citation omitted).  However, because the trial court did not sentence the defendant to both counts, no violation of double jeopardy occurred.  *Id.*

In the instant matter, the trial court erred in convicting Williams of three counts of DUI based on the same conduct.  However, since Williams was sentenced under only one DUI count, no double jeopardy violation was committed pursuant to **Mobley**.  Nevertheless, the multiple convictions

could have collateral consequences in the future regarding Williams' prior record score. Additionally, as the trial court points out, the court imposed sentence "at Count 4, when now in retrospect, it should have been imposed at Count 6. The [c]ourt's sentencing scheme has been disrupted[.]" Trial Court Opinion, 12/17/15, at 9-10. On this basis, we reverse as to two of the general impairment DUI convictions, vacate the judgment of sentence, and remand this matter for resentencing. *See Commonwealth v. Williams*, 997 A.2d 1205, 1210 (Pa. Super. 2010) (where appellate court's disposition upsets trial court's original sentencing scheme, remanding for resentencing is appropriate disposition).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2016